Reese, J.
delivered the opinion of the court.
V. K. Stevenson, for the use of Wm. A. Cook, obtained a judgment against Isaac H. Roberts, before a justice of Franklin county, for the sum of one hundred and five dollars and ninety-five cents and costs. Upon this judgment, Wm. Reeves, a Justice of the Peace of that county, issued an execution, tested of that county, and reciting that a former execution had been issued upon the judgment by Justice Robinson, before whom the judgment had been rendered, and had been returned not satisfied, and nothing found; and the said first mentioned exc- *333 cution goes on to command any lawful officer to execute and return the process; setting out the judgment, &c., dated 9th Nov. 1842. On the same day A. G. Anderson made oath before Justice Reeves, that no part of this execution was satisfied. To this was appended the following certificate:
“I do certify, that James Robinson, at the time mentioned, when the judgment and executions were rendered against L H. Roberts, was an acting Justice of the Peace for my county. I do further certify, that Wm. Reeves, whose name is signed to the above execution, is, and was at the date of the same, an acting Justice of the Peace, for my county. This 8th of November, 1842.
“ISAAC ESTILL, Cleric.”
Upon the 27th day of February, 1843, Michael Shores, a Justice of the Peace for Coffee county, issued an execution, tested of that county, reciting an execution, issued by James Robinson, a Justice of Franklin county, against Isaac H. Roberts, to satisfy a judgment against said Roberts, in favor ofV. K. Stevenson, rendered on, &c., and reciting the return thereon, and reciting an «izas issued by the said James Robinson, and the return thereon, and further reciting that a transcript of said execution was certified according to law, and was then on file in his office. The exécution proceeds in the usual manner and form, to command the officer to make the money, &c.
This execution came to the hands of the Sheriff of Coffee county, and he returned thereon, that he had levied it on one negro boy, named Aaron, about five years old. 15th March, 1843. And adds, “not satisfied, March 27th, 1843.
“D. McLEAN, Sheriff”
On the 5th day of April, 1843,- the same Justice issued an alias execution commanding the officer, as before he had done, to satisfy a judgment that V. K. Stevenson had obtained against said Roberts, before James Robinson, a Justice of the Peace for Franklin county, on the 20th of September, 1839, on which judgment, execution was issued and certified to Coffee county, and was on file then in his office, commanding him to make the same, &c. On the 5th day of May, 1843, the Sheriff D. McLean, made this return only, “Not satisfied.” For the illegal *334 return upon the last execution, V. K. Stevenson moved the Circuit Court of Coffee county for judgment against the Sheriff and his sureties; and he proved the due service upon the Sheriff of a proper notice of the motion, and the Sheriff appeared and made his defence. Plaintiff also produced a copy of the Sheriff’s official bond, duly authenticated. The Circuit Court adjudged, that the plaintiff should take nothing by his motion, and adjudged against him costs, &c. He has filed his writ of error in this court. Proceedings more erroneous and voidable than those on the part of the plaintiff, cannot be readily imagined.
The judgment before Justice Robinson, in Franklin county, was in the name ofV..K. Stevenson, for the use of Wm. A. Cook, and the Franklin county executions pursue the judgment, but the Coffee county executions speak not of “the use of Wm. A. Cook.” The executions certified from Franklin county, were issued by Justice Reeves, reciting a previous execution by Justice Robinson, but the first execution issued in Coffee recites, that the certified transcript of the executions from Franklin were isssued by Justice Robinson. Again: the certificate of Isaac Estill, is signed indeed, “Clerk,” but of what court, or county, the certificate does not import. He says Robinson and Reeves were acting Justices of his county, but does not tell us of what county that is.
Tf irregular, defective and erroneous process, in the hands of an officer, can justify the officer for an illegal return, then this officer is well justified. But. the irregularity of process, and its erroneous and voidable character, will neither prevent an officer from protecting himself by it, nor justify him in omitting to do his duty in its execution. Watson, on the official duty of Sheriffs, says, that when a writ is delivered to him, he is bound to execute it according to the exigency thereof, without enquiring into the regularity of the proceeding whereon that writ is grounded, and although it be voidable and erroneous, such writ is sufficient justification for him, for he is a ministerial officer, and he is not to examine the legality of process. But a sheriff in executing process, when there is a total want of jurisdiction in the court over the cause, would be a trespasser. *335 If a ca. sa. be taken out, after the year, without a sci. fa., and the defendant be arrested and suffered to escape, the sheriff will be liable. Watson 39. This is sufficient to make the distinction, on which we proceed, manifest.
None of the defects and irregularities in the case before us, made the process in the ■ hands of the sheriff void; it is clear that it was voidable only. The sheriff’ is, therefore, liable on the motion of the plaintiff, and judgment must be given against the sheriff and his sureties accordingly. •